*27 OPINION.
Drake, Oh. J.,
delivered the opinion of the court:
In Tyler v. The United States (16 C. Cls. R., 223) it was decided by this court that the claimant, a retired captain in the Army, was in the service of the United States, and the decision of this court was affirmed by the Supreme Court on appeal. (105 U. S. R., 244.)
On the 2d of January, 1883, Richard W. Tyler, the claimant in that case, was admitted to practice as an attorney in this court.
On the 9th of said January, Mr. R. B. Warden, an attorney of this court, filed a motion in certain pending causes against the United States, in the following terms ■
In the above named causes I desire to have the assistance, ill argument, of Capt. R. W. Tyler, a retired officer of the United States Army, who has, at the present term, been admitted to the bar of this court; and I move that he be allowed to appear in those causes, as my assistant, if, in the opinion of the court, he is competent in law to do so.
This motion brings before us the question whether Captain Tyler can lawfully be allowed to appear in this court as assistant counsel in the prosecution of claims against the Government.
It is admitted by the mover that this involves the construction of section 5498 of the Revised Statutes, which is as follows :
Every officer of the United States, or person holding any place of trust or profit, or discharging any official function under or in connection with any. Executive Department of the Government of the United States, or under the Senate or House of Representatives of the United States, who acts as an agent or attorney for prosecuting any claim against the United States, or in any manner, or by any means, otherwise than in the discharge of his proper official duties, aids or assists in the prosecution or support of any such claim, or receives any gratuity, or any share of or interest in any claim from any claimant against the United States, with intent to aid or assist, or in consideration of having aided or assisted, in the prosecution of such claim, shall pay a fine of not more than five thousand dollars, or suffer imprisonment not more than one year, or both.
Mr. Warden submitted an oral argument, and also a printed brief, in support of Ms motion, in wMch he took the position that it is proper to construe this provision as contemplating only persons in the active service of the Government; and that *28 to apply it to the case of retired officers, at least as far as practice in the courts of justice is concerned, would be an utter violation of the spirit and intent of the enactment. And he urges, in support of these positions, that a mischief was intended to be remedied by this provision, and that the mischief was one which could not be done by retired officers, but only by persons in the active service of the Government; and therefore that retired officers are not within the purview of the law.
We do not feel authorized to concur in these positions.
The question is whether, if we should grant this motion and Captain Tyler should appear as assistant counsel in the pending cases, he would be punishable under the section in question.
It is not denied that he is within the letter of that seotion, but it is claimed that he is not within its spirit. Were this so, we might not feel constrained to deny this motion. But is it so ?
Let it be observed that this provision relates to a matter in which no private rights are sought to be protected by imposing penalties for their infringement, but wholly to a matter of public import, in regard to which the Government has supreme control; in exercising which as it pleases, it violates no private or personal right of any one. A claimant against the Government may prosecute his claim, in person, before the Ex-ecutiveDepartments, before Congress, before this court, or before any other tribunal established with authority to pass upon the claim. This is his natural right, and there is no law prohibiting its exercise; but the right must be exercised in conformity with such laws as the Congress may see fit to enact in that connection. It is, also, his constitutional right, guaranteed to him by the first amendment to the Constitution, declaring that “ Congress shall make no law * * * abridging * * * the right of the people * * * to petition the Government for a redress of grievances.” This secures to each one of the people the right to prosecute a claim against the Government, in person, before whatever tribunal the Constitution or the laws provide for that purpose.
But when a claimant seeks to employ the services of another to prosecute such a claim, he is subject to whatever law the Congress may see fit to enact in regard to the employment of agents in such business. If that body choose to prohibit the use of agents or attorneys in such matters, it has a right to do *29 so, which no one has the least right to question. If it deems it proper to forbid certain descriptions of persons from acting as agents or attorneys in such cases, its right to do so is equally clear. And when it legislates on that subject, it is not for the Executive Departments or the courts, on the assumption that this or that mischief was intended to be remedied, and that this or that employment of agents or attorneys is not within the mischief contemplated by the statute, to make an exception to its provisions; but it is for them to execute the law in its plain import.
The only question, therefore, which we have to pass upon under this motion is whether Captain Tyler, a retired officer of the Army, is within the prohibitions of the section in question. We have no doubt that he is.
Segregating from the section the particular words which bear directly on his case, we find them to read thus:
Every officer of the United States * * * -who, in any manner, or hy any means, otherwise than in the discharge of his proper official duties, aids or assists in the prosecution or support of any such claim * * * shall pay a fine of not more than five thousand dollars, or suffer imprisonment not more than one year, or both.
As before remarked, it has been decided by this court and by the Supreme Court of the United States that Captain Tyler is “an officer of the United States.”
The claimants in the cases in which it is asked that he be permitted to assist the attorney of record are prosecuting claims in this court against the United States.
He who offers an argument in favor of those claims “ supports” the claims, not only in “manner” but by “means and is therefore within the plain terms of the act; and by so doing he violates a penal statute, and subjects himself to fine or imprisonment, or both; unless be do the act “ in the discharge of his proper official duties.” There is not the least ground for saying that such an act on the part of Oaptain*Tyler would be done in the discharge of any official duty,- on the contrary, it is his official duty to avoid any violation of the laws of the United States.
And it is the duty of this court not to permit any such violation in its presence, and still more not to give its sanction to it.
The motion of Mr. Warden is overruled.