Bichardson, Ch. J.,
delivered the opinion of the court:
The attorney of record makes the following- motion on behalf of Col. William Winthrop, whose name is borne on the retired list of the Army, and who assents thereto:
“Now comes James Fullerton, the attorney of record in the above-entitled cause, and moves the court for leave to enter the name of William Winthrop, a retired officer of the United States Army, as counsel in said case.
“James FtjllertoN,
“ Attorney for Claimant.
“I assent to the above motion.
“W. WINTHROP,
“ Colonel, United, States Army, retired,

“an Attorney of said, CourtP

This motion is made in view of the decision of the court upon a s'imilar motion on behalf of Capt. Richard W. Tyler, wherein it was held that a retired officer of the Army is an “officer of the United States” within the meaning of Revised Statutes, section 5498, and could not prosecute claims against the United States in court without violating its provisions, and that it was “the duty of this court not to permit any such violation in its presence, and still more, not to give its sanction to it.” (18 C. Cls. R., 25.) That section is as follows:
“ Sec. 5498. Every officer of the United States, or person holding any iilace of trust or profit, or discharging any official function under, or in connection with, any Executive Department of the Government of the United Slates, or under the Senate or House of Bepresentatives of the United States, who acts as an agent or attorney for prosecuting any claim against the United States, or in any manner, or by any means, otherwise than in discharge of his proper official duties, aids or assists in the prosecutiou or support of any such claim, or receives any gratuity, or any share of or interest in any claim from any claimant against the United States, with intent to aid *39 or assist, or in consideration of baying aided or assisted, in tbe prosecution of smh claim, shall pay a fine of not more than five thousand dollars, or suffer imprisonment not more than one year, or both.”
After having carefully considered the oral argument and brief of the learned counsel, pro se (Colonel Winthrop), and having examined the numerous statutes and judicial decisions bearing on the subject, we are constrained to adhere' to the decision in Captain Tyler’s case.
Whatever persons may or may not be included in the section by the words “or person holding any place of trust or profit, or discharging any official function under or in connection with any Executive Department of the Government of the United States,”it is clear that “every officer of the United States” so expressly designated at the very beginning of the section, without exception or qualification, is embraced in its provisions.
Colonel Winthrop was appointed an officer in the Army in the most pronounced manner known to the Constitution, by and with the advice and consent of the Senate (Con., art. 2, sec. 2), and as he has never resigned nor been dismissed in any way he could be dismissed, he is still such officer. It is enacted in the Articles of War that “in time of peace no officer shall be dismissed, except in pursuance of the sentence of a court-martial, or in mitigation thereof.” (Rev. Stat., § 1342, art. 99, p. 239.)
It is argued that a retired officer of the Army is not in a position to assist in or connive at frauds against the United States, and so is not within the mischief aimed at by the statute.
The statute is not restricted to officers prosecuting claims arising within the purview of their duties, nor even arising in in a department with which they are connected, or in which they may be supposed to exercise some influence, but it expressly includes “ every officer of the United States * # * who acts as an agent or attorney for prosecuting any claim against the United States, or in any manner, or by .any means, otherwise than in the discharge of his proper official duties, aids or assists in the prosecution or support of any such claim,” etc.
This entirely excludes the idea urged in behalf of the motion that retired officers are not subject to its provisions because *40 they are not in a position to commit frauds in the prosecution of claims.
Besides, we can not say that Congress did not consider it unbecoming and improper in any and “ every officer of the United States,” whatever his position might be, to engage in the business of “claim agents” or attorneys in prosecuting claims against the Government independently of the temptations and opportunities to commit fraud.
Much if not the principal reliance is placed upon the decision of the Court of Appeals of New York in the case of People v. Duane (121 New York, 373).
That case involved the construction of chapter 584 of the Laws of New York, A. D. 1888, authorizing the appointment of four aqueduct commissioners by the mayor of the city of New York, which provided that “they and their successors shall hold no other Federal, State, or municipal office except the offices of notary public and commissioner of deeds.” The mayor appointed James C. Duane, who was Chief of Engineers of the Army of the United States on the retired list, and it was decided that he did not hold a Federal office -within the meaning of that statute.
The question in this case is not what the legislature of New York meant by a “Federal office” in its act of 1888, but what Congress meant by “every officer of the United States” in section 5498 of the Revised Statutes.
The decision proceeds upon the ground thus stated in the opinion:
“Tt is within the power of the legislative department of the Federal Government to enact that military offices shall become absolutely vacant when the incumbent shall reach a certain age, and. this, we think, is the effect of the legislation providing for the retirement' of army officers at the age of sixty-four.
“The obvious effect of the act of Congress was to legislate the defendant out of office when he reached the age of sixty-four, securing to him out of office and in retirement the military rank, pay, and privileges which were attached to, and incidents of, the office vacated.”
This is wholly inconsistent with the uniform legislation of Congress from the first establishment of the retired lists of the Army and theNavy, contrary to the commonly received opinion within and without the Army and Navy, and not in accord with any other of the many judicial decisions.
*41 Congress bas always legislated in relation to persons on tbe retired lists of tbe Army and Navy as officers of tbe United States, often treating tbem like officers placed on waiting orders.
The Act of December 21, 1861, chapter 1 (12 Stat. L., 329), provided:
“ [Seo. 1.] Tbat whenever tbe name of any naval officer now in tbe service, or wbo may hereafter be in tbe service of tbe United States, shall have been borne on tbe Naval Begister forty five years, or shall be of tbe age of sixty-two years, be shall be retired from active service and bis name entered on tbe retired list of officers of tbe grade to which be belonged at tbe time of such retirement.
“Sec. 2. Tbat tbe President of tbe United States be, and be is hereby, authorized to assign any officer wbo may be retired under the preceding section of this act to shore duty, and such officer thus assigned shall receive tbe full shore pay of bis grade while so employed.
“Sec. 3. Tbat tbe President of tbe United States, by and with tbe advice and consent of the Senate, shall have tbe authority to detail, from the retired list of the Navy for the command of squadrons and single ships such officers as be may believe that ibe good of tbe service requires to be thus placed iu command;
“And such officers may, if upon tbe recommendation of tbe President of tbe United States they shall receive a vote of thanks of Congress for their services and gallantry in action against an enemy, be restored to tbe active list, and not otherwise.”
Tbe Act of July 17, 1862, chapter 200 (12 Stat. L., 590), con. tained this provision:
“ Sec. 12. Tbat whenever tbe name of any officer of the Army or Marine Corps, now in the service, or wbo may hereafter be in tbe service of tbe United States, shall have been borne on tbe Army Begister or Navy Begister, as tbe case may be, forty-five years, or he shall be of the age of sixty-two years, it shall be in tbe discretion of the President to retire him from active service and direct bis name to be entered on the retired list of officers of tbe grade to which bo belonged at tbe time of such retirement;
“And tbe President is hereby authorized to assign any officer retired under this section or the act ot August third, eighteen hundred and sixty-one, to any appropriate duty; and such officer thus assigned shall receive the full pay and"emoluments of bis grade while so assigned and employed.”
*42 Resolution of April 6,1870, No. 32 (16 Stat. L., 372) is as follows:
“ That the law passed January twenty-first, eighteen hundred and seventy, prohibiting the assignment of retired army officers to duty, shall not apply to officers selected by the Board of Commissioners of the Soldiers’ Home, District of Columbia, for duty at that institution, such selection being approved by the Secretary of War:
Pro vided, That they receive from the Government only the pay and emoluments allowed by law to retired officers.”
Act of March 3, 1873, chapter 230 (17 Stat. L., 547):
“Provided, That no officer on the retired list of the Navy shall be employed on active duty except in time of war.”
The foregoing provisions were passed before the Revised Statutes, and, although not all .incorporated therein, they show the course of legislation with reference to the status of persons on the retired list.
The Revised Statutes contain the following:
“Sec. 1094. The Army of the United States shall consist of * * * the officers of the Army on the retired list. * * *
“Sec. 1243. When an officer has served forty consecutive years as a commissioned officer, he shall, if he makes application therefor to the Presiden I, be retired from active service and placed upon the retired list. When an officer has been thirty years in service, he may, upon his own application, in the discretion of the President, be so retired, and placed on the retired list-. •
“Sec. 1251. When a retiring board finds that an officer is incapacitated for active service, and that his incapacity is the result of an incident of service, and such decision is approved by the President, said officer shall be retired from active service and placed on the list of retired officers.
“ Sec. 1252. When the board finds that an officer is incapacitated for active service, and that his incapacity is not the result of any incident of service, and its decision is approved by the President, the officer shall be retired from active service, or wholly retired from the service, as the President may determine.
“The names of officers wholly retired from the service shall be omitted from the Army Register.
“Sec. 1254. Officers hereafter retired from active service shall be retired upon the actual rank held by them at the date of retirement.
“ Sec. 1255. Officers retired from active service shall be withdrawn from command and from the line of promotion.
“Sec. 1256. Officers retired from active service shall be entitled to wear the unifoim of the rank on which they maybe *43 retired. They shall continue to be borne on the Army Register, and shall be subject to the rules and articles of war, and to trial by general court-martial for any breach thereof.
“Sec. 1259. Retired officers of the Army may be assigned to duty at the Soldiers’ Home, upon a selection by the Commissioners of that institution, approved by the Secretary of War; and a retired officer shall not be assignable to any other duty: Provided, That they receive from the Government only the pay and emoluments allowed by law to retired officers.
“Sec. 1260. Any retired officer may, on his own application, be detailed to serve as professor in any college. But while so serving, such officer shall be allowed no additional compensation.”
The statutes make a clear distinction between officers retired from active service whose names still remain on the Register and those wholly retired from service whose names are omitted from the Register and who are no longer officers of the United States (§ 1252, above). This distinction is not observed in the opinion of the Court of Appeals in the New York Case, but all officers on the list of those retired from active service only are held to be out of office or loholly retired.
According to the New York opinion, an officer on the retired list of the Army performing duty at the Soldiers’ Home by assignment under R. S., sec. 1259 (above), may for the time being “ hold a Federal office,” while by statute he is so assigned for the sole reason that he is already an officer of the United States.
If duty be an essential test of office, it is net easy to see why an officer on waiting orders is not for the time being out of office.
The Revised Statutes, in sec. 1860, prohibited all persons belonging to the Army or Navy from being elected to or holding any civil office or appointment in any Territory.
In 1855 Congress specially exempted retired officers of the Army from that prohibition by the following provision of the Act of March 3, 1885, chapter 134 (1 Supp. Rev. Stat., 2d ed., 412), amending Revised Statutes, section 1860:
“ Fourth. No person belonging to the Army or Navy shall be elected to or hold any civil office or appointment in any Territory, except officers of the Army on the retired list.”
Without multiplying quotations, we may refer to Revised Statutes, sections 1274,1457,1459,1461,1462,1463, 1464,1465, Army Regulations oí 1881, Article XII, Nos. 105,106,107, 108.
Judicial decisions hold that persons on the retired list of the Army and Navy are officers of the United States. (Wood’s *44 Case, 15 C. Cls. R., 151, affirmed by the Supreme Court, 107 U. S., 414; Tylers Case, 16 C. Cls. R., 223, affirmedby Supreme Court, 105 U. S., 244; Franklin’s Case, 20 C. Cls. R., 6, wherein the case in the Court of Appeals of New York is referred to and commented on; Badeau’s Case, 130 U. S., 439.)
In this, Badeau’s Case, the Supreme Court (p. 450) treats as applicable to persons on the retired list of the Army the fol lowing section of the Revised Statutes:
“Sec. 1763. No person who holds an office the salary or annual compensation attached to which amounts to the sum of two thousand five hundred dollars, shall receive compensation for discharging the duties of any other office, unless expressly authorized by law.
Texas v. De Cress (53 Texas, 400), wherein the court say:
“By express enactment, officers of the Army on the retired list constitute a part of the Army of the United States; retain the actual rank held by them at tiie date of retirement; receive seventy-five per centum of the pay of that ra.uk; are subject to trial by courts-martial for any breach of the rules and articles of war, and may be assigned to duty at the Soldiers’ Home.” (Rev. Stat., §§ 1094, 1254, 1256, 1259, 1274. See-Wood v. United States, C. Cls. R., 1880 [15 C. Cls. R., 151], and 12 Opins. Attorneys-General, p. 382.)
“That such an officer holds a lucrative office under authority of the United States, or, in the language of our State constitution, ‘an office of profit or trust under the United States,’ is too plain to admit of being made more so.”
Concurring in the views of the Supreme Court of Texas, and adhering to our opinion in the Tyler Case, we overrule the motion.