Atkinson, J.,
delivered the opinion of the court:
The claimant’s decedent herein served creditably throughout the Civil War in various capacities in the naval service ■of the United States. Subsequent to the close of said war (date not given in the record) he was appointed an officer in the Bevenue-Cutter Service. On May 3,1895, while holding the rank of first lieutenant in said service, he was retired under the provisions of the act of March 2, 1895 (28 Stats., 920), with one-half of the pay of a first lieutenant on the active list. By the passage of the act of April 12, 1902 (32 Stats., 101), his pay was increased to 75 per centum of the pay of a first lieutenant on the active list.
By a special act of Congress approved February 25, 1905 (33 Stats., 813), claimant’s decedent was advanced one grade, from first lieutenant to that of captain, with no increase in pay or allowance by reason of such advance, and on March 20, 1905, the President commissioned him a captain on the permanent waiting-orders list in the Bevenue-Cutter Service.
On April. 16, 1908 (35 Stats., 61), Congress passed an act ■entitled “An act to increase the efficiency of the personnel of the Bevenue-Cutter Service,” section 5 of which reads as ■follows:
“ That any officer of the Bevenue-Cutter Service with a creditable record, who served during the Civil War in the land or naval forces of the United States shall, when retired, have the rank and receive three-fourths of the duty pay and increase of the next higher grade; and the provisions of this section shall apply to officers of the said service now on the retired list.”
Under the provisions of the above general act claimant’s ■decedent requested the Navy Department to allow him the rank and three-fourths of a senior captain’s pay on the re. *395 tired list. The auditor for said department rejected the request, and on appeal to the Comptroller of the Treasury Department the action of the auditor was approved.
The question to be determined is whether the Congress intended by the act of April 16, 1908 {supra), that claimant’s decedent should have the rank and receive three-fourths of the duty pay and increase of the grade of senior captain on the retired list, that being the grade next above captain on the retired list, or whether he should have the rank of senior captain and receive three-fourths of the duty pay and increase of the grade of a captain only. At the time of the passage of the above act claimant’s decedent held the rank of captain (junior grade), but was retired as first lieu- _ tenant and was drawing the pay only of a first lieutenant, and he now contends that said act, being general in its provisions, advances him to the grade of senior captain and entitles him to three-fourths of the retired pay of that rank.
We do not agree with this contention of claimant’s counsel. The fifth section of the act of April 16, 1908 {supra), in plain terms provides that all officers of the Bevenue-Cut- ■ ter Service who served creditably during the Civil War may be advanced one grade in rank and pay above the rank held by them at the time of their retirement. Claimant’s decedent was retired as a first lieutenant, and as the section referred to includes officers on the retired list, under its provisions he would be entitled to be advanced to the rank and pay of a retired junior captain. But subsequent to his retirement he was, by the special act of Congress of February 25, 1905 {siopra), advanced to the rank .of junior captain, which was one grade above the rank held by him at the time of his retirement. Consequently he does not come within the provisions of the act of 1908, for the reason, as we have above stated, that said act provides for one step of advancement in rank and pay above that held by an officer when he was retired from the service. Inasmuch, however, as claimant’s decedent was advanced by a special act of Congress from the grade of a first lieutenant (the rank held by him at the time of his retirement) to that of junior captain, without increase of pay, he can not now be advanced to the grade *396 and rank of senior captain under the act of 1908; but under its provisions he was entitled to the pay of a retired officer of the rank of junior' captain, which he was receiving at the time of his demise. In other words, claimant’s decedent would be entitled to the pay of a junior captain from the date of the passage of said act of 1908 to the time of' his death, which is all that he would have been entitled to receive thereunder had the special act of 1905 never been passed. His petition, therefore, is dismissed.