Atkinson, J.,
delivered the opinion of the court:
This case was decided May 29, 1911, adversely to the plaintiff, and it again comes before the court on a motion for a rehearing averring error of law in the judgment of the court in dismissing the petition.
The court in its opinion on the first hearing of the case (46 C. Cls., 393) made the following statement of facts, which are not disputed:
“ The claimant’s decedent herein served ' creditably throughout the Civil War in various capacities in the naval service of the United States. Subsequent to the close of said war (date not given in the record) he was appointed an officer in the Revenue-Cutter Service. On May 3, 1895, while holding the rank of first lieutenant in said service, he was retired under the provisions of the act of Mareh 2, 1895 (28 Stats., 920), with one-half of the pay of a first lieutenant-on the active list. By the passage of the act of April -12, 1902 (32 Stats., 101), his pay was increased to 75 per cent of the pay of a first lieutenant on the active list.
“By a special act of Congress approved February 25, 1905 (33 Stats., 813), claimant’s decedent was advanced one grade, from first lieutenant to that of captain, with no increase in pay or allowance by reason of such advance, and on March 20, 1905, the President commissioned him a captain on the permanent waiting-orders list in the Revenue-Cutter Service.
“ On April 16, 1908 (35 Stats., 61), Congress passed an act entitled ‘An act to increase the efficiency of the personnel of the Revenue-Cutter Service,’ section 5 of which reads as follows:
“‘That any officer of the Revenue-Cutter Service with a creditable record, who served during the Civil War in the *34 land or naval forces of the United States, shall, when retired, have the rank and receive three-fourths of the duty-pay and increase of the next higher grade; and the provisions of this section shall apply to officers of the said service now on the retired list.’
“ Under the provisions of the above general act claimant’s decedent requested the Navy Department to allow him the rank and three-fourths of a senior captain’s pay on the retired list. The auditor for said department rejected the request, and on appeal to the Comptroller of the Treasury Department the action of the auditor was approved.
“ The question to be determined is whether the Congress intended by the act of April 16, 1908 {supra), that claimant’s decedent should have the rank and receive three-fourths of the duty pay and increase of the grade of senior captain on the retired list, that being the grade next above captain on the retired list, or whether he should have the rank of senior captain and receive three-fourths of the duty pay and increase of the grade of a captain only. At the time of the passage of the above act claimant’s decedent held the rank of captain (junior grade), but was retired as first lieutenant and was drawing the pay only of a first lieutenant, and he now contends that said act, being general in its provisions, advances him to the grade of senior captain and entitles him to three-fourths of the retired pay of that rank.”
The contention of counsel for the United States is that the purpose of the act of Congress was to give increased pay only to those officers who were contemplating retiring from active service, and thereupon raised the question of difference between “ office,” “ rank,” and “ grade,” in military service, citing the case of Wood v. United States (15 C. Cls. R., 151), which was affirmed by the Supreme Court (107 U. S., 414). Wood was a graduate of the United States Military Academy and filled the offices of second and first lieutenants, captain, major, lieutenant colonel, and colonel in the Regular Military Establishment of the Government. He was commissioned, brigadier general of Volunteers October 11, 1861, and major general of Volunteers January 27, 1865, and on March 18, 1865, he ivas brevetted brigadier general and major general in the Regular Army. September 1, 1866, he was mustered out of the volunteer service, and on June 9, 1886, he was retired by order of the President, with *35 the full rank of major general, on account of wounds received in battle while in the line of duty. He was paid the full pay of a retired major general until the passage of the act of March 3, 1875 (18 Stats., pt. 3, 512), when his salary was reduced to the pay of a brigadier general, that being the full rank of the office held by him at the time he was wounded in battle.
Mr. Justice Blatchford, in reviewing the decision of this court in Wood's case, supra, said, on pages 416 and 417, inter alia:
“The view of that court was that, under the statutes of the United States in reference to the Army, the office of an officer of the Army and his rank are not necessarily identical ; that the office has a rank attached to it, expressed by its title, when no other rank is conferred on the officer; that, the office remaining the same, the officer may have a different rank conferred on him, as a title of distinction, to fix his relative position with reference to other officers as to privilege, precedence, or command, or to determine his pay; that, by section 1274 of the Revised Statutes, the pay of officers on the retired list of the Army is determined by the rank upon which they are retired; that, by section 1094, the officers of the Army on the retired list are a part of the Army of the United States, and therefore no one can be upon that list who is not an officer appointed in the manner required by section 2 of article 2 of the Constitution; that an officer of any grade, on the active list, thus appointed, may be retired with a different rank from that which belongs to his office, when Congress so provides; that this is not to appoint him to a new and different office, but is to transfer him to the retired list, and to change his rank, while he.holds the same office; and that in connection with this change of rank his pay may be changed. These views appear to us to be sound. Gen. Wood, holding the office of a colonel of Cavalry in the Army, his retirement with the rank of major general, under the act of 1868, did not confer on him the office of major general. He remained in the office of colonel of Cavalry, and acquired a higher rank, and higher pay, as a retired officer. Such rank not being an office, Congress could change his rank, and with it his pay, as it did by the act of 1875.”
The case of Gen. Wood permanently settles the differences between office, rank, and grade of line and staff officers of the United States Army. It also determines that appointments *36 to office in the military arm of the Government can only be made by the executive branch in the manner provided by Article II and section 2 of the Constitution, and not by congressional enactment; and that the Congress may retire an officer from active service and place him on the retired list upon a rank different-from that which attaches to his office by general laws, and may change the mere rank of an officer on the active or the retired list at pleasure, without conflicting with the Constitution.
But the case of Gen. Wood is not this case. Plaintiff’s decedent, at the time of his retirement, held the office and the rank of first lieutenant in the Bevenue-Cutter Service, Treasury Department, and was paid according to that grade and rank. On the 25th of February, 1905, by a special act of Congress the President was authorized to advance him one grade, viz, to that of junior captain on the “ permanent waiting-orders ” list, without increase of pay, and he was commissioned as such officer on March 20 of that year; and under the ruling of this court in Hawkins's case (40 C. Cls. R., 110), having been promoted to the office and rank of eaptain, he could not thereafter be considered as a lieutenant, nor could he again be relegated to the duties of the lower grade. All ranks and grades in this branch of the service are actual and definite, with specific duties that are permanent, and although officers may be on the retired list they are still subject to assignment to active duty, and are entitled' to longevity pay the same as if in active service.
In our former opinion in this case we decided that the fifth section of the act of April 16, 1908, provided for one grade advancement for all officers who had served creditably during the Civil War in the Bevenue-Cutter Service above that held by them at the time of their retirement; and as plaintiff’s decedent had been advanced one grade in rank by the special act of February 25,1905, without pay, the general act of April 16, 1908, did not apply to him except to increase his pay one grade above that which he was receiving at the time of his retirement. We are now of the opinion that a more critical examination of said act does not justify the construction we then placed upon it. The words “ shall, when retired, have the rank and receive three-fourths of the duty *37 pay and increase of the next higher grade,” being unambiguous, do not relate to the rank and pay of the officers at the time of their retirement from the service, but relate to retirements subsequent to the passage of the act. We are led to the conclusion that this was the intention of Congress by the concluding sentence of the act, which reads: “The provisions of this section shall apply to officers of the said service now on the retired list.” These words recognize the status, rank, and grade of the officers as they existed at the time of the passage of the act and can not therefore be applied to the time that they retired from active service.
It is elementary that a court in construing a legislative act must give effect to every part of the same; that all words must be construed in their ordinary sense, unless the court would be led to absurdity or to manifest injustice; and if it should, so to vary them as to avoid that which certainly could not have been the intention of the legislature. In other words, the court must place a reasonable construction upon all of the words used in the act. (Chew Heong v. United States, 112 U. S., 536.) Therefore, to arrive at any other conclusion than we have above stated the court would have to eliminate from the statute the concluding sentence, which would be an unauthorized invasion of the rule of statutory construction.
Plaintiff’s decedent held the office of junior captain by a commission of the President approved by the Senate when this act was passed, and we are now of the opinion that he is entitled to the rank and pay of captain of the senior grade thereunder.
Claimant’s motion for a new trial is allowed. The former judgment dismissing the petition is vacated and set aside. Findings of fact and conclusion of law are 'this day filed awarding claimant judgment in the sum of $875.