Campbell, Ohief Justice,
delivered the opinion of the court:
Frederick A. Fenning, Esq., has been for some years an attorney at law, duly admitted to practice in the Court of Claims. During the war with Germany he became an officer and discharged duties as such in the office of the Judge Advocate General of the Army. These duties having terminated, there was issued to him a commission as lieutenant colonel in the Reserve Corps of the United States Army, inactive status.
Mr. Fenning desires to prosecute the claim of plaintiff in the annexed stated case and moves the court for an order authorizing and permitting him so to do. In effect the motion involves the question whether by prosecuting the claim the attorney will subject himself to the penalties prescribed by section 5498 of the Revised Statutes. No opinion we could render would be conclusive of the question in other jurisdictions, but as the motion is made by an attorney of good standing, practicing in the court, and who as such may be termed an officer of the court, the court deems it proper to state its views upon the merits of the motion.
It is settled that to appear and argue a case for a plaintiff would be to support a claim against the United States and *57 would subject such an officer as is contemplated by section 5498 to the penalties it prescribes. Taylor’s Motion, 18 C. Cls., 25; In re Winthrop, 31 C. Cls., 35, 16 Op. Atty. Gen. (1880), 478; 23 Op. Atty. Gen. (1901), 533; 28 Op. Atty. Gen. (1910), 131. “The evident purpose of Congress in all this class of enactments has been to promote efficiency and 'integrity in the discharge of official duties and to maintain proper discipline in the public service.” Ex parte Curtis, 106 U. S., 371, 373. An officer on the retired list is in the military service. Tyler’s Case, 105 U. S., 144. It is said in Hartwell’s Case, 6 Wall., 385, 393: “An office is a public station, or employment, conferred by the appointment of Government. The term embraces the ideas of tenure, duration, emoluments, and duties.” See Germaine’s Case, 99 U. S., 508; Mouat’s Case, 124 U. S., 303, 307.
The reasoning of these cases, holding a person to be an officer of the United States, would exclude the conclusion that a member of the Officers’ Eeserve Corps is also an officer of the United States. The act of June 3,1916, 39 Stat., 189, creates certain reserve corps and defines the status of officers of the Eeserve Corps of the Eegular Army. It provides, among other things, that a member of that corps “ shall not be subject to call for service in time of peace, and whenever called upon for service shall not, without his consent, be so called in a lower grade than that held by him in said Eeserve Corps,” and the provision fixing an age limit is expressly declared to be inapplicable to appointment or reappointment of officers of the Judge Advocate and some other sections. Unlike an officer on the retired list, an officer of the Eeserve Corps has no salary or emolument of office. He is not in time of peace, except perhaps while discharging some duty to which he may have been lawfully called and assigned under the act of June 3, 1916, or other act, amenable to the Army regulations or court-martial. He has no defined duties to discharge; his position is more analogous to that of an officer honorably discharged from the service than to that of a retired officer. We are therefore of opinion that the prosecution of a claim for a plaintiff in this court by an attorney holding a commission in *58 the Officers’ Reserve Corps and on inactive status therein is not in contravention of the letter or spirit of section 5498. ■ An order will be entered granting the motion of Mr. Fenning.
Graham, Judge, Hat, Judge, DowNey, Judge, and Booth, Judge, concur.