Campbell, Chief Justice,
delivered the opinion of the court:
This case grows out of the claim of a major in the Marine Corps, retired from active service on account of physical disability, consisting of the loss of his arm as a result of wounds received in battle on July 13, 1900, in China. He was retired on September 30, 1911, and at that time had had 13 years, 1 month, and 26 days of active service. Since, that time he has had active service, amounting to 4 years, 9 months, and 29 days, making the total of his -active service, before and since his retirement, 17 years, 11 months, and 25 days. The plaintiff’s brief states the question as follows: “ The principal question in this case is as to the right of an officer of the Marine Corps, retired for wounds received in battle, to be paid, as in the period established by the act of June 10, 1922, to which he would be entitled if his services were counted continuously through the active and retired lists.” In other words, in order to ascertain the base pay of a major in the Marine Corps, retired for disability as stated, *387 that the periods of his active service should be added to the periods of inactive service, and since the aggregate of all these exceeds 27 years that he is entitled to the base pay provided in the act of June 10, 1922, 42 Stat. 625, for the fifth pay period. We speak of the base pay of the pay periods, because the act so designates it, prescribing as it does six pay periods “ and the base pay for each ” of them. It also provides for longevity pay, in sec. 1, as follows: “ Every officer paid under the provisions of this section shall receive an increase of 5 per centum of the base pay of his period for each three years of service up to thirty years.” The distinction thus made between base pay and longevity pay is not changed by other provisions of the act.
The right of a retired officer to longevity pay was recognized in the Tyler case, 16 C. Cls. 223, the decision being affirmed by the Supreme Court, 105 U. S. 244. Following these decisions the act of March 2, 1903, 32 Stat. 932, was passed which provided “ That hereafter, except in cases of officers retired on account of wounds, received in battle, no officer now on the retired list shall be allowed or paid any further increase of- longevity pay, and officers hereafter retired, except as herein provided, shall not be allowed or paid any further increase of longevity pay above that which had accrued at date of their retirement.” It is conceded that, this provision cut off longevity increases accruing after retirement except in the single case of “ officers retired on account of wounds received in battle,” and it is claimed that the plaintiff belongs to this latter class. This condition of the law continued until the act of June 10, 1922, but a provision in that act expressly excluded plaintiff and other retired officers from its benefits, as follows: “ Nothing contained in the first sentence of section 17 or in any other section of this act shall authorize an increase in the pay of officers or warrant officers on the retired list on June 30, 1922,” or, as stated by his brief, “ Thus the new act made no change in the pay of officers already retired.” It is therefore to the later act of May 8, 1926, 44 Stat. 417, that we must look. It provides “ that hereafter the retired pay of the officers and warrant officers of the Army, Navy, Marine Corps, Coast Guard, Coast and Geodetic Survey, and Public Health *388 Service, who were retired on or before June 30, 1922, shall not be less than that provided for the officers and warrant officers of these services of equal rank and length of service, retired subsequent to that date.” The reference must therefore be to the provisions of the act of June 10, 1922, for officers and warrant officers retired subsequent to June 30, 1922, since the officer in the instant case is entitled to receive from and after May 8, 1926, not less than the retired pay provided for an officer of equal rank and length of service retired subsequent to that date, with the provision, however, that it shall not “ operate to reduce the pay of any officer or warrant officer now .on the retired list.” The act of June 10, 1922, makes provision for the pay of retired officers, section 17 of the act being as follows:
“Seo. 17. That on and after July 1, 1922, retired officers and warrant officers shall have their retired pay, or equivalent pay, computed as now authorized by law on the basis of pay provided in this act: Provided, That nothing contained in this act shall operate to reduce the present pay of officers, warrant officers, and enlisted men now on the retired list or officers or warrant officers in an equivalent status of any of the services mentioned in the title of .this act. Active duty performed after June 30, 1922, by an officer on the retired list or its equivalent shall not entitle such officer to promotion: * * * Retired officers of the Army, Navy, Marine Corps, Coast Guard, and Coast and Geodetic Survey below the grade of brigadier general or commodore and retired warrant officers and enlisted men of those services shall, when on active duty, receive full pay and allowances.”
The retired pay is therefore “ to be computed as now authorized by law,” but on the basis of pay provided by the act. The law had long provided, by section 1274, Revised Statutes, that “ officers retired from active service shall receive 75 per centum of the pay of the rank upon which they were retired.” The pay of the rank of major upon which this officer was retired was fixed by the act of May 11, 1908, 35 Stat. 106, 108, at $3,000.00 per annum. In addition he was entitled to longevity pay because of being within the exception already stated in the act of March 2, 1903. The officer was retired with less than 14 years of active service to his credit and would not come within the fourth pay *389 period prescribed by the act of June 10, 1922, unless there be added the additional active service rendered after his retirement. And adding the periods of his active service after retirement to that rendered before his retirement, there results active service for more than 17 years, which would bring the officer into the fourth pay period, the base pay of Avhich is $3,000. We think there can be no doubt that the officer should be credited with all active service before and after the date of his retirement. See 5 Comp. Gen. 1038. But the contention is that the length of service with which the officer is to be credited is not alone active service but should include the periods while he was on the retired list, though not in active service, and this would bring him within the fifth pay period. To this contention we can not assent. There is nothing in section 17 of the act of June 10, 1922, that sustains it and the provision to be found in section 1 of the act, 42 Stat. 627, that “ For officers in the service on June 30, 1922, there shall be included in the computation all service which is now counted in computing longevity pay” does not refer to or include officers on the retired list. It has reference to officers on the active list. Clearly, when Congress says that nothing contained in the act shall authorize an increase in the pay of officers on the retired list on June 30, 1922, it can not be supposed that in the next sentence, save one, the Congress was providing a method whereby there would be an increase in the pay of these same officers. To give the quoted language any meaning it must be referred to its context, Avhere the act is dealing with pay of officers in the active service. And when the act of May 8, 1926, is considered, it being the act relied upon as securing to the plaintiff rights conferred by the act of 1922 upon retired officers, it appears that equalization of pay is with officers retired subsequent to June 30, 1922. The retirement thus contemplated is from active service. The act of 1922 prescribes pay periods and base pay for each; also it provides longevity pay for officers in the active seiw-ice. Aided by the act of May 8, 1926, it regulates the pay of retired officers, but neither act authorizes the retired officer to go from one pay period into another solely because of length of time elapsing since his retirement. The advance *390 ment from one pay period to another can be based only on active service. The base pay of the fourth pay period is the same amount as that prescribed by the act of May 11, 1908. The plaintiff is not entitled to the base pay of the fifth pay period, and, having been paid as much as an officer retired subsequent to June 30, 1922, and of equal rank and length of service would receive, the petition should be dismissed. And it is so ordered.
Moss, Judge; Gbaham, Judge; and Booth; Judge, concur.