## WOOD *v.* UNITED STATES.

The rank and pay of retired officers of the army are subject to the control of
Congress.

APPEAL from the Court of Claims.

The case is stated in the opinion of the court.

*Mr. Halbert E. Paine* for the appellant.

*Mr. Assistant Attorney-General Maury, contra.*

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an appeal from the Court of Claims. The claimant, Thomas J. Wood, was appointed to the office of colonel of the 2d Regiment of Cavalry, in the Army of the United States, in November, 1861, having been commissioned as a brigadier-general of volunteers in October, 1861. In December, 1862, while in command of the first division, left wing, of the 14th Army Corps, he was wounded at the battle of Stone River. In September, 1864, while in command of the third division of the 4th Army Corps, he was wounded at the battle of Lovejoy's Station, Georgia. These divisional commands were the commands of an officer of the rank of major-general, but he was not commissioned as a major-general of volunteers until January, 1865, nor brevetted as a major-general in the army until March, 1865.

Section 32 of the act of July 28, 1866, c. 299, provides as follows: "Officers of the regular army, entitled to be retired on account of disability occasioned by wounds received in battle, may be retired upon the full rank of the command held by them, whether in the regular or volunteer service, at the time such wounds were received." In January, 1868, General Wood was ordered, at his own request, to appear before a retiring board. In February, 1868, the board made the following finding: "The board is of the opinion that Brevet Major-General Thomas J. Wood, Colonel 2d United States Cavalry, is incapacitated for active service, and that said incapacity is the result of three wounds received in battle in the line of his duty,

while commanding a division of troops in the service of the United States." This finding was approved by the President, and by his authority and direction this order was issued from the Adjutant-General's Office, June 9, 1868: "Brevet Major-General Thomas J. Wood, Colonel 2d United States Cavalry, having, at his own request, been ordered before a board of examination, and having been found by the board to be physically incompetent to discharge the duties of his office on account of wounds received in battle, and the finding having been approved by the President, his name will be placed upon the list of retired officers of that class in which the disability results from long and faithful service, or some injury incident thereto. In accordance with sect. 32 of the act approved July 28, 1866, General Wood is, by direction of the President, retired with the full rank of major-general." General Wood accepted the rank of major-general on the retired list, as contained in said order, and received the pay of that rank from June 10, 1868, to March 3, 1875.

Section 1 of the act of March 3, 1875, c. 178, entitled "An Act for the relief of General Samuel W. Crawford, and to fix the rank and pay of retired officers of the army," provides that the retirement of General Crawford, as a colonel, for disability on account of a wound received in battle, shall be amended so that he shall be retired and be borne on the retired list of the army as a brigadier-general, "he having held the rank of a brigadier-general at the time he was wounded," his retired pay as brigadier-general to commence from the passage of the act. The second section provides as follows: "All officers of the army who have been heretofore retired by reason of disability arising from wounds received in action shall be considered as retired upon the actual rank held by them, whether in the regular or volunteer service, at the time when such wound was received, and shall be borne on the retired list and receive pay hereafter accordingly; and this section shall be taken and construed to include those now borne on the retired list placed upon it on account of wounds received in action." The section contains some exceptions, which it is not contended apply to the case of General Wood.

On the 23d of March, 1875, an order was issued from the

Adjutant-General's office, providing that, by direction of the President, and conformably to said act of March 3, 1875, the retired list of the army, under the heading, " Officers retired with the full rank of the command held by them when wounded, in conformity with sections 16 and 17 of the act of August 3, 1861, and section 32 of the act of July 28, 1866," is amended to fix the rank of the following named officers, from March 3, 1875, as below enumerated: Brigadier-generals, Thomas J. Wood (heretofore major-general), and two other major-generals; colonels, three brigadier-generals; lieutenant-colonels, two colonels; major, one colonel; mounted captain, one lieutenant-colonel; captains, two colonels; mounted first lieutenants, two mounted captains; first lieutenants, three captains, and one mounted first lieutenant; second lieutenant, one mounted second lieutenant.

There were seventy-three officers retired on the rank of the command held by them when wounded, under sect. 32 of the act of 1866. Of these, all but nineteen fell within the exceptions named in sect. 2 of the act of 1875. Of these nineteen, eight were restored to the rank on which they were originally retired, after the promulgation of the order of March 23, 1875. After March 3, 1875, General Wood received only the pay of a brigadier-general retired, $4,125 per year, the pay of a major-general retired during the same time having been $5,625 per year. In September, 1879, General Wood brought suit against the United States in the Court of Claims to recover the sum of $1,500 a year for four and a half years, as such difference in pay, claiming that he held the office of major-general on the retired list of the army by appointment of the President, by said order of June 9, 1868, and that Congress had no power to remove him from that office and appoint him to the office of brigadier-general on the retired list. The Court of Claims dismissed the petition on the merits. The view of that court was that, under the statutes of the United States in reference to the army, the office of an officer of the army and his rank are not necessarily identical; that the office has a rank attached to it, expressed by its title, when no other rank is conferred on the officer; that, the office remaining the same, the officer may have a different rank conferred on him, as a title of distinction,

to fix his relative position with reference to other officers as to privilege, precedence, or command, or to determine his pay; that, by sect. 1274 of the Revised Statutes, the pay of officers on the retired list of the army is determined by the rank upon which they are retired; that, by sect. 1094, the officers of the army on the retired list are a part of the army of the United States, and, therefore, no one can be upon that list who is not an officer appointed in the manner required by sect. 2 of art. 2 of the Constitution; that an officer of any grade, on the active list, thus appointed, may be retired with a different rank from that which belongs to his office, when Congress so provides; that this is not to appoint him to a new and different office, but is to transfer him to the retired list, and to change his rank, while he holds the same office; and that in connection with this change of rank his pay may be changed. These views appear to us to be sound. General Wood, holding the office of a colonel of cavalry in the army, his retirement with the rank of major-general, under the act of 1868, did not confer on him the office of major-general. He remained in the office of colonel of cavalry, and acquired a higher rank, and higher pay, as a retired officer. Such rank not being an office, Congress could change his rank, and with it his pay, as it did by the act of 1875. His actual rank when he was wounded was that of brigadier-general of volunteers, although the rank of the command which he then held was that of a major-general. The rank of his command when wounded was the test of rank and pay under the act of 1866, while his actual rank when wounded, whether in the regular or volunteer service, was the test of rank and pay under the act of 1875. Congress had the same right to change the claimant's rank and pay, by reducing them, that it had to change the rank and pay of General Crawford, by sect. 1 of the act of 1875, by increasing them, the standard in both cases being the actual rank held by the officer at the time he was wounded. The offices of both were left untouched. The pay of retired officers is a matter entirely within the control of Congress, and so is their rank.

*Judgment affirmed.*