[Crim. No. 3. First Appellate District.—May 22, 1905.]

## THE PEOPLE, Respondent, v. C. L. CURTIS, Appellant.

CRIMINAL LAW—LEWD ACTS UPON CHILD—SEX OF PARTIES IMMATERIAL—SUFFICIENCY OF INFORMATION.—An information charging the commission of lewd acts upon a child under the age of fourteen years, with the intent described in section 288 of the Penal Code, need not set forth that the defendant and the child are of opposite sexes, nor contain any statement as to the sex of the parties or either of them. It is sufficient that the information charges the offense substantially in the language of the statute.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

George F. Carroll, De Witt Turner, and W. J. Marcum, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

COOPER, J.—Defendant prosecutes this appeal from the judgment of conviction and the order denying his motion for a new trial.

The prosecution was under section 288 of the Penal Code, which reads as follows: "Any person who shall willfully and lewdly commit any lewd or lascivious act other than the acts constituting other crimes, provided for in part two of this code upon or with the body, or any part or member thereof,

I Cal. App.—1

of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the state prison not less than one year."

The sole point relied upon here is, that the information fails to charge a public offense, because it does not show that the defendant and the child upon and with whom the crime was committed are of opposite sexes; that it does not show that defendant is a male, nor that the child is a female.

It is not necessary that the information contain any statement as to the sex of the parties or either of them. Any person who commits the acts, named in the section, upon or with the body of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or child is guilty of a crime under the section. If the acts prohibited were committed by defendant upon or with the body of a child of the same sex as defendant, he would nevertheless be guilty. The legislature has not seen fit to make any reference to sex in the section, and it is not for this court to do so. It is sufficient that the information charges the offense substantially in the language of the statute.

The judgment and order are affirmed.

Hall, J., and Harrison, P. J., concurred.