[Crim. No. 16.  First Appellate District.—October 24, 1905.]

## THE PEOPLE, Appellant, v. HARRY B. ZUELL, Respondent.

CRIMINAL LAW—LEWD AND LASCIVIOUS ACT—INFORMATION.—An information charging the commission of a ''lewd and lascivious'' act upon and with the body of a child under the age of fourteen years, with the intent to arouse, appeal to and gratify the lust, passions and sexual desires of the one committing the act and of the child, need not allege that the act was attempted or committed between persons of the opposite sexes.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order sustaining a demurrer to an information.  W. P. Lawlor, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney General, and Lewis F. Byington, District Attorney, for Appellant.

John C. Keegan, and Daniel O'Connell, for Respondent.

COOPER, J.—The information charges that defendant did unlawfully and feloniously "commit a certain lewd and lascivious act upon and with the body of a child under the age of fourteen years, to wit, George B. Fincher, of the age of thirteen years, with the intent then and there to arouse, appeal to, and gratify the lust, passions and sexual desires of the said Harry B. Zuell and the said George B. Fincher." Then follows a statement of the acts of the said defendant. The defendant demurred to the information upon the ground that it does not state facts sufficient to constitute a crime, in that the act charged is alleged to have been committed between two male persons. The court sustained the demurrer and held "that the words 'lewd and lascivious,' as used in the statute, had reference only to an act attempted or committed between persons of the opposite sex." The people prosecute this appeal from the judgment and order sustaining the demurrer. An information similar to the one here was held by this court to state facts sufficient to constitute a public offense in *People* v. *Curtis,* 1 Cal. App. 1, [81 Pac. 674].

Upon the authority of that case, the judgment and order are reversed.

Harrison, P. J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 27, 1905, and a petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court on December 22, 1905.