## WHITE v. TREIBLY.

Court of Appeals of District of Columbia.
Submitted April 6, 1927.    Decided
May 2, 1927.

No. 4548.

Army and navy ☞10—Retired navy officer is
subject to jurisdiction of Secretary of the
Navy as respects commitment to hospital for
insane (Comp. St. §§ 2620, 2632, 2633, 2635,
2639, 2652, 9301).

A retired officer of the navy is still subject to jurisdiction of Secretary of the Navy,
within Rev. St. § 4843 (Comp. St. § 9301), relating to commitment of insane persons belonging to army, navy, marine corps, or revenue cutter service to hospital, in view of Rev. St. §§
1443, 1453, 1454, 1456, 1457, 1462 (Comp. St. §§
2620, 2632, 2633, 2635, 2639, 2652).

Appeal from Supreme Court of District
of Columbia.

Habeas corpus proceedings by Charles E.
Treibly against William A. White, Superintendent of Saint Elizabeth's Hospital.
From a judgment discharging petitioner from
custody, respondent appeals. Reversed and
remanded.

Peyton Gordon and Neil Burkinshaw,
both of Washington, D. C., for appellant.

G. F. Curtis, of Washington, D. C., for
appellee.

Before MARTIN, Chief Justice, and
ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from
a judgment in the Supreme Court of the
District of Columbia in habeas corpus proceedings discharging from the custody of
Saint Elizabeth's Hospital Charles E. Treibly, appellee here, Lieutenant Commander,
retired, Medical Corps, United States Navy.

The question for decision is whether a
retired officer of the Navy is still subject
to the jurisdiction of the Secretary of the
Navy, within the provisions of section 4843,
R. S. (Comp. St. § 9301).

The "Government Hospital for the Insane" (chapter 4, p. 938, R. S.), was established in 1855. Its name subsequently
was changed to Saint Elizabeth's Hospital. 39 Stat. 309. Its objects are
stated to be "the most humane care and
enlightened curative treatment of the insane of the Army and Navy of the United
States and of the District of Columbia."
Section 4838, R. S. (Comp. St. § 9292).
While subsequent acts make provision for
the admission of persons other than those
indicated, the primary object of the institution remains the care and treatment of the
insane of the Army and Navy, whose commitment thereto may be made by the respective heads of the Army and Navy Departments without judicial inquiry. 31 Op.
Attys. Gen. 431.

Section 4843, R. S. (Comp. St. § 9301),
provides:

"The superintendent [of Saint Elizabeth's], upon the order of the Secretary of
War, of the Secretary of the Navy, and of
the Secretary of the Treasury, respectively,
shall receive, and keep in custody until they
are cured, or removed by the same authority
which ordered their reception, insane persons
of the following descriptions:

"First. Insane persons belonging to the
Army, Navy, Marine Corps, and Revenue
Cutter Service.

"Second. Civilians employed in the
Quartermaster's and Subsistence Departments of the Army who may be, or may
hereafter become, insane while in such employment.

"Third. Men who, while in the service
of the United States, in the Army, Navy, or
Marine Corps, have been admitted to the
hospital, and have been thereafter discharged from it on the supposition that they have
recovered their reason, and have, within
three years after such discharge, become
again insane from causes existing at the
time of such discharge, and have no adequate
means of support.

"Fourth. Indigent insane persons who
have been in either of the said services and
been discharged therefrom on account of disability arising from such insanity.

"Fifth. Indigent insane persons who
have become insane within three years after
their discharge from such service, from causes which arose during and were produced
by said service."

Commander Treibly was honorably retired from the Navy on or about November
27, 1922, and on October 31, 1923, by direction of the Secretary of the Navy, was committed to Saint Elizabeth's Hospital. The
superintendent of the hospital concludes his
return to the writ in the habeas corpus proceedings as follows: "It is the opinion of
the respondent that the petitioner is suffering from general paralysis of the insane,
that he is of unsound mind, that he is unable to care for himself, and that he should
be retained in the hospital for his own protection, as well as to protect the community
from acts which he might commit as the result of his mental disorder."

Any officer of the Navy, who for 40 years

has been in the service of the United States, "may be retired from active service by the President upon his own application." Section 1443, R. S. (Comp. St. § 2620). When a retiring board finds that an officer is incapacitated "for active service," and that his incapacity is the result of an incident of the service, he may, with the approval of the President, "be retired from active service with retired pay." Section 1453, R. S. (Comp. St. § 2632). When a retiring board finds that an officer is incapacitated for active service, and that his incapacity is not the result of an incident of the service, such officer, with the approval of the President, may be retired from active service on furlough pay, "or wholly retired from service with one year's pay." Section 1454, R. S. (Comp. St. § 2633). No officer guilty of misconduct is eligible to retirement. Section 1456, R. S. (Comp. St. § 2635). Section 1457, R. S. (Comp. St. § 2639), reads as follows: "Officers retired from active service shall be placed on the retired list of officers of the grades to which they belonged respectively at the time of their retirement, and continue to be borne on the Navy Register. They shall be entitled to wear the uniform of their respective grades, and shall be subject to the rules and articles for the government of the Navy and to trial by general court-martial. The names of officers wholly retired from the service shall be omitted from the Navy Register."

An officer on the retired list of the Navy may be assigned to active duty in time of war (Section 1462, R. S. [Comp. St. § 2652]), and with his consent, in the discretion of the Secretary of the Navy, he may "be ordered to such duty as he may be able, to perform at sea or on shore, and while so employed in time of peace shall receive the pay and allowances of an officer of the active list of the same rank." Act of August 22, 1912, 37 Stat. 329 (Comp. St. § 2653).

The status of a retired officer of the Army was the subject of inquiry in United States v. Tyler, 105 U. S. 244, 26 L. Ed. 985. Section 1256, R. S. (Comp. St. § 2070), provides that "officers retired from active service shall be entitled to wear the uniform of the rank on which they may be retired. They shall continue to be borne on the Army Register, and shall be subject to the rules and articles of war, and to trial by general court-martial for any breach thereof." This section is the substantial equivalent of section 1457, relating to retired officers of the Navy. The Supreme Court said: "It is impossible to hold that

men who are by statute declared to be a part of the Army, who may wear its uniform, whose names shall be borne upon its register, who may be assigned by their superior officers to specified duties by detail as other officers are, who are subject to the rules and Articles of War, and may be tried, not by a jury, as other citizens are, but by a military court-martial, for any breach of those rules, and who may finally be dismissed on such trial from the service in disgrace, are still *not* in the military service. * * * We are of opinion that retired officers are in the military service of the government. * * * *" See, also, United States v. Morton 112 U. S. 7, 5 S. Ct. 1, 28 L. Ed. 613; Thornley v. United States, 113 U. S. 310, 5 S. Ct. 491, 28 L. Ed. 999; United States v. Frizzell, 19 App. D. C. 48.

In our view, the decision in the Tyler Case is determinative of the issue here. Commander Treibly's "incapacity is the result of an incident of the service." Section 1453, R. S. (Comp. St. § 2632). His care and protection, while thus incapacitated and unable to act for himself, are the concern and duty of the government. His commitment, therefore, was authorized by section 4843, R. S., and it follows that the judgment must be reversed, with costs, and the cause remanded.

Reversed and remanded.