Moss, Judge,
delivered the opinion of the court:
Plaintiff’s decedent, Frank Frazier, was on June 23, 1909, placed on the retired list of the United States Marine Corps *547 as a first sergeant, after a service of thirty years, and, except for a short period during the World War, when he was on active duty, he remained on the retired list until the date of his death on November 1, 1927. In 1910 he accepted employment in the service of the United States in connection with the Panama Canal operations and remained in that service, with the exception of the period just mentioned, until the date of his death and received both his retired pay and his compensation as a civil employee of the Panama Canal until September, 1923. From and after that date plaintiff’s pay as a retired enlisted man was regularly deducted from his salary as an employee of the Panama Canal, under a ruling of the Comptroller General. This is an action by the administrator of decedent’s estate to recover the amount so deducted, $4,567.50.
Section 4 of the- act of August 24, 1912, 37 Stat. 561, establishing a permanent organization for the Panama Canal,, provides in part as follows:
“ If any of the persons appointed or employed as aforesaid shall be persons in the military or naval service of the United States, the amount of the official salary paid to any such person shall be deducted from the amount of salary or compensation provided by or which shall be fixed under the terms of this act.”
The question for determination is whether or not the-provisions of this statute were meant to apply to a retired enlisted man.
In December, 1919, the Comptroller of the Treasury,. Judge Warwick, held on this point (26 Comp. Dec. 209, 211) that retired enlisted men are not in the military or naval service of the United States within the meaning of the act of August 24, 1912, “to the extent that their pay as such is comprehended within the term ‘ official salary,’ and that they might be employed by the Panama Canal without deducting their retired pay from their compensation as such employees. Under this construction of the law plaintiff’s decedent continued thereafter to receive his salary (as he had theretofore) without the deduction of his retired pay, until September 28, 1923, on which date the- *548 Comptroller General overruled the former decision of the Comptroller of the Treasury, and held that retired enlisted men of the Army or Navy are persons within the military or naval service within the meaning of the act of 1912, and that their compensation from the canal is subject to deduction of their retired pay. This decision met with the strenuous objection of the Secretary of War, and on January 29, 1924, he sent a letter to the chairman of the Committee on Interstate and Foreign Commerce, House of Representatives, recommending that appropriate legislation be enacted permitting employment of retired enlisted men in the service of the Panama Canal without deducting their retired pay. In this letter it is stated, “ In view of the construction which has been given to existing law, the Panama Canal feels that there should be enacted statutory authority for continuance of its past policy and practice of employing retired enlisted men and paying them their respective salaries without deduction of the retired pay from the salary.” In obedience to this recommendation Congress enacted a statute, approved May 31, 1924, 43 Stat. 245, amending the act of July 31, 1894, by adding thereto the following sentence, “Ketired enlisted men of the Army, Navy, Marine Corps, or Coast Guard retired for any cause, and retired officers of the Army, Navy, Marine Corps, or Coast Guard who have been retired for injuries received in battle or for injuries or incapacity incurred in line of duty shall not, within the meaning of this section, be construed to hold or to have held an office during such retirement.” Thereafter the Comptroller General held (4 Comp. Gen. 510) that not withstanding the act of May, 1924, the deduction of the retired pay under the act of 1912 would have to be continued.. It should be mentioned in this connection, as tending to illustrate the policy of Congress on the subject of the deduction of the retired pay of enlisted men, that in August, 1916, Congress amended section 6 of the act of May 10, 1916, 39 Stat. 120, which was an act making appropriation for the legislative, executive, and judicial expenses of the Government for the fiscal year ending June 30, 191T, by pro *549 viding “ That unless otherwise specially authorized by law, no money appropriated by this or any other act shall be available for payment to any person receiving more than one salary when the combined amount of said salaries exceeds the sum of -$2,000 per annum, but this shall not apply to retired officers or enlisted men of the Army, Navy, Marine Corps, or Coast Guard, * * (Our italics.) Prior thereto, and to the same effect, is the deficiency appropriation act of March, 1909, 35 Stat. 931, wherein it was provided, “Authority is hereby granted for the payment of salaries and wages accrued or hereafter earned of retired Army and Navy officers, and enlisted men now in the employment of the Isthmian Canal Commission, in addition to their retired pay, where their compensation under such employment does not exceed $2,500 per annum.” After the decision of the Comptroller General holding that the act of May 31, 1924, did not affect the status of retired enlisted men under the act of 1912, the question was again considered by Congress, which in March, 1928, enacted a statute providing in part that section 4 of the Panama Canal act “ shall not be construed as requiring the deduction of the retired pay or allowances of any retired warrant officer or enlisted man of the Army, Navy, Marine Corps, or Coast Guard * * * from the amount of the salary or compensation provided by or fixed under the terms of the Panama Canal act, as amended.” From the date of the Panama Canal act in 1912 and until the decision of the Comptroller General in 1923, throughout a period of eleven years, no such deduction had ever been made! Congress had repeatedly and consistently indicated its policy on the subject, and by the amendatory act of May 31, 1924, had expressly declared that policy. In the enactment of the recent act Congress has placed a legislative construction upon its own prior act by declaring that said act shall not ~be construed as applying to a retired enlisted man. Aside, however, from this conclusion, we are of the opinion that the language used in the act of 1912 clearly indicates that the act was not *550 Intended to apply to retired enlisted men. It will be noted “ that the amount of official salary paid to any such person shall be deducted * * *.” “ Salary,” as defined in the Standard Dictionary, is a “ periodical allowance made as compensation to a person, for his official or professional service, or for his regular work.” Salary is current pay to a person for his regular work. Ketired pay is not compensation for service performed. As used in the military and naval service, retired pay is a gratuity given in worthy cases in recognition of past services, for which no service whatever is rendered, and is usually in a sum less than the active-service pay. Essentially, it is a pension. Chief Justice Nott in the case of Geddes v. United States, 38 C. Cls. 428, in an opinion construing a similar statute said, “As a matter of fact, the pay of a retired officer is not compensation ; and it follows as a matter of law that the salary of the chief clerk of the Department of Agriculture was not ‘ additional compensation.’ ” The opinion contained the further statement, “It is well settled that an officer on the retired list oaves no service to the GoAnrnment in time of peace; that if called into service in time of war he returns thereby to the active list and receives full pay.” In the Collins case, 15 C. Cls. 22, 40, referred to in Chief Justice Nott’s opinion, it was stated that the pay of a retired officer “ is not given as compensation for discharging the duties of any office during the period for which it is to be paid, but rather as .a bounty and in the nature of a pension for services to his country previously performed.”
We have reached the conclusion that the pay received by retired enlisted men in the military or naval service of the United .States is not official salan/ as that term is used in the act of August 24, 1912. We are of the opinion that plaintiff is entitled to recover, and it is so adjudged and ordered.
SiNNOTT, Judge; GeeeN, Judge; Geai-iam, Judge; and Booth, Chief Justice., concur.