## McCARL et al. v. HOEPPEL.
### No. 5945.

Court of Appeals of the District of Columbia.
Argued Nov. 6, 1933.
Decided Dec. 18, 1933.

Leo A. Rover, U. S. Atty., John W. Fihelly, Asst. U. S. Atty., and O. R. McGuire, all of Washington, D. C., for appellants.

Burr Tracy Ansell and Samuel T. Ansell, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District overruling appellants' motions to dismiss the bill and (appellants electing to stand on their motions) restraining appellant McCarl, the Comptroller General, from doing anything "to prevent the payment to the plaintiff (appellee) of his retired pay and allowances *without application thereto of any reduction provided by section 106 of the Economy Act of June 30, 1932* (c. 314, 47 Stat. 382, 401)" from July, 1932, to March 3, 1933, inclusive, and commanding appellant Coleman to make such payments. (Italics ours.)

Appellee served honorably in the Regular Army as an enlisted man from July 27, 1898, to February 8, 1918, when he was appointed a commissioned officer. He served as such officer until October 30, 1919, when he was honorably discharged of his commission and resumed service as an enlisted man, in which capacity he served until August 16, 1921, when he was placed on the enlisted men's retired list of the Regular Army with the rank of master sergeant.

Under the provisions of the Economy Act of June 30, 1932 (c. 314, 47 Stat. 382, 401), the retired pay of warrant officers of the Army (receiving more than $1,000 per annum) was subject to 8⅓ per cent. deduction (section 106 of the Act [5 USCA § 673 note]). The retired pay of an enlisted man, not then being subject to deduction, was in excess of the pay of retired warrant officers under the Economy Act.

Section 106 of the Economy Act (c. 314, 47 Stat. 382, 401, 5 USCA § 673 note) provides, inter alia, "that the retired pay of all commissioned and other personnel (except enlisted) of the Army, Navy, * * * shall be reduced as follows. * * * "

The Comptroller General ruled that under this provision the pay of retired warrant officers was subject to the economy deduction and that retired enlisted men who were entitled to the pay of retired warrant officers could be paid no more than was currently payable to such officers.

Appellee contended, and the court below sustained his contention, that he was entitled to the pay of a retired warrant officer and that because he was a retired enlisted man he was not subject to the economy deduction applicable to a warrant officer.

But section 111 of the Economy Act (5 USCA § 673 note) provides: "No court of the United States shall have jurisdiction of any suit against the United States or (unless brought by the United States) against any officer, agency, or instrumentality of the United States arising out of the application of any provision of this title, unless such suit involves the Constitution of the United States."

Since Congress may increase or decrease at will the pay of retired officers and men of the Army (Wood v. United States, 107 U. S. 414, 2 S. Ct. 551, 27 L. Ed. 542), it is plain that the present suit does not involve the Constitution of the United States. It is equally plain, we think, that the suit does arise out of the application of a provision of the Economy Act, namely, section 106 of that Act. The Comptroller General has placed one interpretation upon a provision of that section and the court below has placed another, but section 111 of the Act expressly withheld jurisdiction from the court in a case involving the application of such a provision.

Therefore, without considering other contentions, we reverse the decree and remand the cause, with directions to dismiss the bill.

Reversed and remanded.