**MORGENTHAU, Secretary of the Treasury, et al. v. BARRETT.***

No. 7340.

United States Court of Appeals for the District of Columbia.

Argued Oct. 9, 1939.

Decided Nov. 6, 1939.

David A. Pine, U. S. Atty., and H. L. Underwood, Asst. U. S. Atty., both of Washington, D. C., for appellants.

E. Barrett Prettyman, F. G. Awalt, and Frank J. Wideman, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

GRONER, C. J.

In May, 1938, petitioner-appellee filed in the District Court his petition for a writ of mandamus[1] directed to the Secretary of the Treasury and the members of the Department's Committee on Enrollment and Disbarment, commanding them to admit him as an attorney. In the alternative, he prayed that the court declare his rights, as a retired officer of the army, in relation to the controversy. Upon entry of a rule to show cause, the Secretary and the Committee filed their return and answer. The trial court sustained petitioner's demurrer to the answer and issued the writ.

The facts are not in dispute. Petitioner was an officer of the regular army on active duty from 1908 to 1920, at which time he held the rank of Captain of Ordnance. On November 30, 1920, having been found physically disqualified by reason of disability incident to the service, he was retired from active service, under the provi-

---

[1] The petition was filed before the effective date of the new Rules of Civil Procedure for District Courts. 28 U.S.C.A. following section 723c. Although the writ of mandamus has been abolished, similar relief is made available under the new practice. Rule 81(b); Allison & Co. v. I. C. C., 70 App.D.C. 375, 107 F.2d 180; Levine v. Farley, 70 App.D.C. 381, 107 F.2d 186.

sions of Sec. 3 of an Act approved October 1, 1890,[2] with the rank and retired pay of major. Since 1920 he has had no duties and has performed no service in or for the army. He exercises and can exercise no command, unless recalled to active service. Since his retirement petitioner has been a member in good standing of the bars of the Supreme Court of the United States, the Supreme Court of New York, and the Supreme Court of New Hampshire, and at the time of his application for enrollment as an attorney entitled to practise before the Department was practising law in New York City. The application was referred to the General Counsel of the Department for an opinion whether as "an officer of the United States" petitioner was eligible for admission as an attorney. The opinion was adverse, and he was refused admission, solely on the ground that, being an "officer of the United States," he was barred by Secs. 109 and 113 of the Criminal Code.[3]

The former section provides that no "officer of the United States," or person holding any place of trust or profit under the government, shall act as an agent or attorney in prosecuting any claim against the United States.[4] Petitioner admits that, as the recipient of retired pay he holds such a place of profit and therefore may not lawfully prosecute a claim against the United States. But he says that practice before the Treasury Department involves representation of private persons in relation to many matters other than claims against the United States, and the answer specifically admits this allegation. Indeed, appellants concede that numerous persons have been and are enrolled and recognized as attorneys who may not under the law represent claimants in respect to claims against the United States.[5] In this view, petitioner insists that, since this section does not *proprio vigore* debar his admission to practice, the committee was in error in assigning it as one of the causes of its refusal to grant his application. We think petitioner's position in this regard is correct.

This brings us, then, to consider the provisions of the other section, which makes it unlawful for any "Senator, Member of or Delegate to Congress, * * * head of a department, or other officer or clerk in the employ of the United States, * * * directly or indirectly [to] receive, or agree to receive, any compensation * * * in relation to any proceeding * * * or other matter or thing in which the United States is a party or directly or indirectly interested, before any department." etc.[6]

---

[2] 26 Stat. 562, 10 U.S.C.A. § 932.

[3] 18 U.S.C.A. §§ 198, 203.

[4] "Whoever, being an officer of the United States, or a person holding any place of trust or profit, or discharging any official function under, or in connection with, any executive department of the Government of the United States, or under the Senate or House of Representatives of the United States, shall act as an agent or attorney for prosecuting any claim against the United States, or in any manner, or by any means, otherwise than in discharge of his proper official duties, shall aid or assist in the prosecution or support of any such claim, or receive any gratuity, or any share of or interest in any claim from any claimant against the United States, with intent to aid or assist, or in consideration of having aided or assisted, in the prosecution of such claim, shall be fined not more than $5,-000, or imprisoned not more than one year, or both. Members of the National Guard of the District of Columbia who receive compensation for their services as such shall not be held or construed to be officers of the United States, or persons holding any place of trust or profit, or discharging any official function under or in connection with any executive department of the Government of the United States within the provision of this section. (R.S. § 5498; Mar. 1, 1901, c. 670, § 1, 31 Stat. 844; Mar. 4, 1909, c. 321, § 109, 35 Stat. 1107.)" 18 U.S.C.A. § 198.

[5] This reference is to former officers or clerks in the civil departments of Government who are prohibited by statute from prosecuting any claim against the United States within two years after they have ceased to hold office.

[6] "Sec. 113. Whoever, being elected or appointed a Senator, Member of or Delegate to Congress, or a Resident Commissioner, shall, after his election or appointment and either before or after he has qualified, and during his continuance in office, or being the head of a department, or other officer or clerk in the employ of the United States, shall, directly or indirectly, receive, or agree to receive, any compensation whatever for any services rendered or to be rendered to any person, either by himself or another, in relation to any proceeding, contract, claim, controversy, charge, accusation, arrest, or other matter or thing in which the United States is a party or directly or indirectly

Appellants' position is that petitioner is "an officer in the employ of the United States" and that, since the United States are either directly or indirectly interested in every matter pending in the Treasury Department, petitioner as such officer is, under the terms of this section, ineligible for admission to practice. Petitioner denies that his retired status makes him an officer within the terms or the spirit of the section. The issue is thus a narrow one, and in the precise form in which it arises here has not been submitted for judicial determination before. In reaching a conclusion, it is well to remember that the word "officer" is a term of variable import, whose connotation changes with the setting in which it is used. Considered in this light, it is necessary to decide (1) whether petitioner is an officer of the United States and, if he is, (2) whether he is also in the employ of the United States. The relationship to the government of a retired army or naval officer has been considered in varying circumstances in a number of judicial decisions and also in a number of opinions of Attorneys General.

The Court of Claims has sometimes held a retired army officer to be an "officer"[7] and has sometimes held to the contrary.[8]

In at least two well-considered state court cases petitioner's position finds strong support. In Reed v. Schon, 2 Cal. App. 55, 83 P. 77, 79,[9] the issue involved the eligibility of a retired army captain for the office of mayor of the City of San Diego. The court stated the question to be whether his army status brought him within a statute prohibiting a person holding a lucrative office under the United States, from election as mayor of a California city, and answered the question in the negative, saying inter alia:

"It is true that a retired officer may be detailed to perform the duties of the several offices or employments specified in the statutory provisions that have been cited, such as an officer at a soldiers' home, or as a professor, or in connection with the militia of the state, or in the military service in time of war; but these are mere offices or employments to which he may be appointed; and until they happen no service can be required of him. Nor can the mere fact that he is subject to the remote contingency of being thus employed be regarded as such a duty as is contemplated in the definition. All this is apparently implied in the expression 'retired officer,' which may be regarded as fairly synonymous with the words 'ex-officer,' or 'ci-devant officer,' and implies that he is no longer an officer in the proper sense of the term."

The other case (People v. Duane, 121 N.Y. 367, 24 N.E. 845) arose in similar circumstances. Duane had held the office of brigadier-general and chief of engineers in the United States Army. He was retired from active service by operation of law and took up residence in New York City, and in the same year was appointed commissioner of the aqueduct and entered upon the discharge of the duties of the office. The laws of New York provided for the appointment of commissioners, with the limitation that they should hold no other office, federal, state, or municipal. The case involved Duane's right to hold the office to which he had been appointed. Judge O'Brien, after an examination of the federal statutes in relation to retired officers of the army, their duties, and functions, reached the conclusion that none of these duties conferred upon Duane the character of a public officer, and likewise that none of the rights and privileges which he enjoyed under the retirement acts brought the case within the policy of the disqualifying clause of the New York statute.

Attorney General Mitchell took substantially the same view on the eligibility of a retired army officer to appointment as one of the commissioners of the District

---

interested, before any department, court-martial, bureau, officer, or any civil, military, or naval commission whatever, shall be fined not more than $10,000 and imprisoned not more than two years; and shall moreover, thereafter be incapable of holding any office of honor, trust, or profit under the Government of the United States. (R.S. § 1782; Mar. 4, 1909, c. 321, § 113, 35 Stat. 1109.)" 18 U.S.C.A. § 203.

[7] In re Tyler, 18 Ct.Cl. 25; Franklin v. United States, 29 Ct.Cl. 6; In re Winthrop, 31 Ct.Cl. 35.

[8] Collins v. United States, 15 Ct.Cl. 22, 40; Geddes v. United States, 38 Ct.Cl. 428; Calhoun v. United States, 66 Ct.Cl. 545.

[9] Review by the Supreme Court of California was denied. 2 Cal.App. 59, 83 P. 77.

of Columbia. In the course of his opinion he said:[10]

"While a retired Army officer is subject to being recalled into military service in time of war, he is not subject to military service in time of peace without his consent. Unless brought back into the military service he is as much in civil life as any other person. There are, throughout the United States, large numbers of retired officers actually engaged in private business and participating to the fullest extent in the civil life of the communities' in which they live, and it would be contrary to the ordinary understanding of words to say that they are in military life rather than in civil life."

On the strength of this, he advised that retired officers who have ceased to engage in military service are in civil life within the meaning of the District statute and therefore eligible for the position.

As against this line of reasoning, appellants principally rely upon the opinion of the Supreme Court in United States v. Tyler,[11] a case which involved the right of a retired army officer to longevity pay under a statute which provided increases "to each commissioned officer * * * for each term of five years of service." Rev.St. § 1262. The Court held the statute to apply to retired as well as to active officers. Justice Miller, who wrote the opinion, drew a distinction between officers on the retired list and officers "wholly" retired, and held as to the former that they are in the military service of the government. He said:

"It is impossible to hold that men who are by statute declared to be a part of the army, who may wear its uniform, whose names shall be borne upon its register, who may be assigned by their superior officers to specified duties by detail as other officers are, who are subject to the rules and articles of war, and may be tried, not by a jury, as other citizens are, but by a military court-martial, for any breach of those rules, and who may finally be dismissed on such trial from the service in disgrace, are still not in the military service."

A few years later the Supreme Court in Wood v. United States, 107 U.S. 414, 417, 2 S.Ct. 551, 27 L.Ed. 542, held in so many words that a retired officer of the army is an officer of the United States,

and in Badeau v. United States, 130 U.S. 439, 9 S.Ct. 579, 32 L.Ed. 997, construing a statute providing that "any officer of the army or navy of the United States who shall * * * accept or hold any appointment in the diplomatic or consular service of the government, shall be considered as having resigned his said office," 15 Stat. 58, § 2, the Court held that a retired officer is an officer within the spirit of this statute.

In Kahn v. Anderson, 255 U.S. 1, 41 S. Ct. 224, 225, 65 L.Ed. 469, the contention was that by the fourth article of war only an officer in the military service of the United States was competent to sit on a court-martial and that, as retired officers were not within that requirement, the constitution of the court, including such an officer, was void. The Supreme Court rejected this contention "because it is not open to question, in view of the ruling in United States v. Tyler, 105 U.S. 244, 26 L.Ed. 985, that such officers are officers in the military service of the United States."

In White v. Treibly, 57 App.D.C. 238, 19 F.2d 712, we were called on to decide the question whether a retired officer of the navy is still so subject to the jurisdiction of the Secretary of the Navy as to authorize the latter to commit him to a hospital because of insanity. We answered the question in the affirmative.

In 1912 the identical question we have here, under circumstances in all respects similar to this case, was answered adversely to petitioner's position by Attorney General Wickersham.[12] The terms of the statute (Crim.Code Sec. 113), he said, are comprehensive; they extend to every "officer or clerk in the employ of the government"; the prohibition is not simply upon those who because of official position or relation may be able to help or hinder the interest or ambition of those before whom they appear, but extends to every officer or clerk, whatever his rank or function. He rejected the contention that the law embraced only some fixed or regular service, but insisted that no person can be either an officer or a clerk in the government without being in some way and to some extent in its employ.

■■ Much, we think, may be said in reason and common sense in favor of petitioner's application. To us it seems a far cry to attribute to a former captain in the

---

[10] 36 Op. Atty. Gen., 389, 399.
[11] 105 U.S. 244, 246, 26 L.Ed. 985.

[12] 29 Op. Atty. Gen. 397.

military service, twenty years removed from that service, whose activities are wholly separated from official life, ability to exert a sinister influence in some matter pending in one of the departments of government. But this, for whatever it may be worth, must be addressed to the legislature and not to the courts. Our rudder is controlled by the language of the statute, and since it is not open to question that petitioner is an "officer," our decision must be against his claim unless the qualifying words of the section—in the employ of the United States—change the result. We have, therefore, given careful consideration to that aspect of the question. Undoubtedly, the ordinary meaning of "employ" is—to make use of—to keep at work —to entrust with some duty. The status of a retired officer, it may very well be said, does not fit into this definition. Unless recalled to active service with his own consent, his relationship to the government is more accurately that of pensioner than employee. But the contrary view has prevailed and has guided the administrative practice for more than a quarter of a century. It has support in the Tyler case, in which, as we have seen, the Supreme Court held not only that a person in petitioner's position is an officer but also that he is in the service of the government. The conclusion rested squarely on the idea that being subject to military duty was the equivalent of being in the service of the government. In this sense there is no difference between the word "employ" and the word "service" as they are used in the statutes. Each implies the right to receive the pay of the retired rank and imposes the obligation to stand by subject to the call to duty. In other words, the government "employs" him to stand by for call to active service. And it is significant as showing the intent of Congress in the respects we are discussing that, in providing for reserve officers, who must likewise stand by for assignment to duty,[13] Congress, in 1930, specifically exempted them —when not on active duty—from the limitations contained in Criminal Code Secs. 109 and 113. The provision[14] is as follows:

"Members of the Officers' Reserve Corps, while not on active duty, shall not, by reason solely of their appointments, oaths, commissions, or status as such, or any duties or functions performed or pay or allowances received as such, be held or deemed to be officers or employees of the United States, or persons holding any office of trust or profit or discharging any official function under or in connection with any department of the Government of the United States."

No similar exemption is allowed to retired officers. We must hold, therefore, that petitioner is an officer in the employ of the United States within the spirit and intent of the statute and is, therefore, subject to the disabilities imposed on persons in such a position.

Reversed.

---

[13] 10 U.S.C.A. § 369.

[14] 10 U.S.C.A. § 372.