**Mrs. Clara B. HOLLAND, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 635.**

United States District Court
E. D. Tennessee,
Winchester Division.

Nov. 8, 1963.

James W. Crutcher, Nashville, Tenn., for plaintiff.

John H. Reddy, U. S. Atty., Ottis B. Meredith, Asst. U. S. Atty., Chattanooga, Tenn., for defendant.

NEESE, District Judge.

The plaintiff, who is now about 72 years of age, was living in her own home in Tullahoma, Tennessee before and during the years 1959 and 1960. Her brother was experiencing marital difficulties, and the plaintiff's niece visited with the plaintiff in her home while that matter was in the process of resolution. Eventually, the custody of this child was

awarded to her father, who was then confronted with the problem of proper female care for his daughter.

The father, who resided and was employed in Nashville, Tennessee, thereupon employed the plaintiff " * * * to keep the child in her [the plaintiff's] home, feeding, disciplining and sending her to school as well as taking care of her clothes and so forth. * * * " The father, who visited with his daughter and the plaintiff on weekends, further directed the plaintiff " * * * to supervise the wardrobe, recreation, school and extra-curricular activities of [the child], as well as her deportment, health and diet * * *." For such services the plaintiff was paid fifty dollars ($50.00) per calendar quarter for an aggregate of six calendar quarters. She then claimed old age and survivors' insurance benefits.

At the time of such application, one of the defendant's representatives handed the plaintiff a document, known as a domestic service questionnaire, and required the plaintiff to make answer to the questions thereon. Thus, the issue became whether the plaintiff had been in the domestic service of her brother. The original administrative determination was that the plaintiff was not in the domestic service of her brother, and her claim for benefits was denied.

This determination was appealed by the plaintiff to a hearing examiner for the defendant Secretary, who, apparently, considered only whether the plaintiff had received in covered employment sufficient "wages for domestic service", as that phrase is contemplated by 42 U.S.C. § 409(g) (2). From an adverse decision on her administrative appeal, the plaintiff filed this action to obtain a judicial review of the defendant Secretary's final decision, 42 U.S.C. § 405(g). The defendant filed a motion for summary judgment, Rule 56(b), Federal Rules of Civil Procedure. On the pleadings herein and the transcript of the record before the hearing examiner, the Court is now authorized to enter a judgment in affirmance, modification or reversal of the defendant Secretary's deci-

sion, either with or without remanding the action. 42 U.S.C. § 405(g). While the findings of the defendant Secretary as to any fact are conclusive, if supported by substantial evidence, 42 U.S.C. § 405 (g), the Supreme Court of the United States has adjured district courts to assume more responsibility for the reasonableness and fairness of decisions of federal agencies than some courts have demonstrated in the past; we are not to abdicate the conventional judicial function in these matters. Universal Camera Corp. v. National L. Rel. Bd. (1951), 340 U.S. 474, 490, 71 S.Ct. 456, 466, 95 L.Ed. 456. The ultimate conclusion of the defendant Secretary that the plaintiff is not entitled to benefits herein because she was not in the domestic service of her employer is not binding on the Court. Kilby v. Folsom, C.A. 3rd (1961), 238 F.2d 669, 700, 60 A.L.R.2d 1065.

This Court is of the opinion that the basic issue for determination administratively in this matter was whether, under the undisputed facts presented, the required employer-employee relationship in covered employment existed for the mandatory period and produced the necessary wage credits to entitle the plaintiff to benefits. It may be, as the hearing examiner hints, that the arrangement between the plaintiff and her brother, at nominal compensation, had as one of its purposes the bringing of the plaintiff within the coverage of the Social Security Act. There was no legal impropriety in their so doing if in fact there was a good-faith agreement between those parties. Rhoads v. Folsom, C.A. 7th (1958), 252 F.2d 377, 380[1].

The plaintiff is entitled to benefits if she was an "employee" of her brother as that term is understood under its common law definition. 42 U.S.C. § 410(j) (2); Regulation 4, Code of Federal Regulations § 404.1004(c). To "employ" means to make use of, to keep at work, to entrust with some duty. Morgenthau v. Barrett (1940), 71 App.D.C. 148, 108 F.2d 481, certiorari denied (1940), 309 U.S. 672, 60 S.Ct. 615, 84 L.Ed. 1017. The existence of the employ-

er-employee relationship is to be tested, under its usually-accepted connotation under common law, by the contractual relationship of the parties, the presence of direction and control by the employer, the services rendered by the employee and the compensation paid for such services. Thurston v. Hobby, D.C.Mo. (1955), 133 F.Supp. 205. The terms "employment" and "employee" are not to be construed in a strict sense in actions involving remedial legislation, such as here, but in such manner as will accomplish the purposes of that legislation. Westover v. Stockholders Pub. Co., C.A. 9th (1956), 237 F.2d 948.

■ This record shows unequivocally, in the Court's judgment, as a matter of law, that the plaintiff was the "employee" of her brother within the purview of the provisions of the 42 U.S.C. § 410j(2) and regulations promulgated pursuant thereto. The plaintiff was directed and supervised in the performance of the duty with which her brother entrusted her. He gave her specific instructions regarding the manner in which she was to perform her duties during his necessary absences during weekdays, and he was present in the plaintiff's household on weekends when his own employment permitted his giving personal attention to his daughter. The employment of the plaintiff was akin to that of a governess, she having been " * * * a woman entrusted with the care and supervision of a child or young person." Webster's New International Dictionary, 3rd Edition. The child's father was fortunate in being able to engage the services of his child's blood relative in familiar surroundings for this purpose for a period of one and one-half years.

■ Whether the plaintiff was induced to accept the employment solely for the purpose of becoming qualified for old age and survivors' benefits, or whether this was merely a collateral "fringe" benefit of the relationship, can make no difference in determining whether her services were in covered employment under the Social Security Act. Neither could the reasonableness of the compensation for such services disqualify the plaintiff; the terms of the agreement between these parties were matters for their determination and were binding, provided the arrangement was in good faith. Rhoads v. Folsom, supra. Except for the hearing examiner's "dim view" suggestions, there is no hint that this arrangement was otherwise made. Therefore, it is adjudged that

The final determination of the defendant Secretary be, and the same hereby is, reversed with directions that it be vacated and that a determination be made in conformity with law.