# Applicability of 18 U.S.C. § 281 to Selling Activities of Retired Military Officers

Section 281 of Title 18, United States Code, which prohibits certain representational activities by federal employees, is presently in force as applied to retired officers of the armed forces, and in appropriate cases a violation could warrant criminal prosecution by the Department of Justice.

The prohibitions of the first paragraph of § 281 apply only to retired officers on active duty, but under its second paragraph inactive retired officers are also prohibited from engaging in certain selling activities.

The prohibition in the second paragraph of § 281 was intended generally to prevent retired officers from being in a position to exert their influence in the procurement process of the military department in which they once served, and applies to representational activities in connection with the sale of services as well as the sale of goods. However, its prohibition does not extend to a situation in which the retired officer can fairly be said to be representing only himself and no one else as a seller.

November 30, 1981

## MEMORANDUM OPINION FOR THE CHIEF, LITIGATION DIVISION, OFFICE OF THE JUDGE ADVOCATE GENERAL OF THE ARMY

This responds to your request that we clarify the position of the Department of Justice on several issues relating to the interpretation and enforcement of 18 U.S.C. § 281. In particular, you ask (1) whether and under what circumstances the Department of Justice would prosecute an alleged violation of § 281; (2) whether that statute's prohibitions apply only to retired officers on active duty or to those not on active duty as well, and (3) whether we regard its prohibitions as extending to the sale of services as well as the sale of goods.

Section 281 reads as follows:

> Whoever, being a Member of or Delegate to Congress, or a Resident Commissioner, either before or after he has qualified, or the head of a department, or other officer or employee of the United States or any department or agency thereof, directly or indirectly receives or agrees to receive, any compensation for any services rendered or to be rendered, either by himself or another, in relation to any proceeding, contract, claim, controversy, charge, accusation, arrest, or other matter in which the United

States is a party or directly or indirectly interested, before any department, agency, court martial, officer, or any civil, military, or naval commission, shall be fined not more than $10,000 or imprisoned not more than two years, or both; and shall be incapable of holding any office of honor, trust, or profit under the United States.

Retired officers of the armed forces of the United States, while not on active duty, shall not by reason of their status as such be subject to the provisions of this section. Nothing herein shall be construed to allow any retired officer to represent any person in the sale of anything to the Government through the department in whose service he holds a retired status.

This section shall not apply to any person because of his membership in the National Guard of the District of Columbia nor to any person specially excepted by Act of Congress.

In 1962, as part of the general revision and recodification of the laws relating to conflicts of interest, this provision was repealed "except as [it] may apply to retired officers of the armed forces of the United States." Pub. L. No. 87–849, § 2, 76 Stat. 1119, 1126. As you note, there has been considerable controversy over exactly how this statute "may apply" to retired military officers.

The response to the first of your questions is contained in a letter from D. Lowell Jensen, Assistant Attorney General, Criminal Division, to Senator Strom Thurmond, Chairman, Committee on the Judiciary, July 7, 1981. Responding to Senator Thurmond's request for comments on a proposal to repeal § 281 and its companion statute 18 U.S.C. § 283, the Assistant Attorney General stated that "we believe the two statutes are presently in force and properly denote federal crimes." He also stated that while "prosecution would not ordinarily be undertaken . . . in the absence of evidence of venal conduct" and while "most of the matters involving these statutes can be effectively dealt with administratively," nonetheless "an aggravated case could warrant criminal prosecution . . . ."

Your second question is whether the prohibitions of § 281 are limited to retired officers on active duty or whether they are applicable as well to retired officers not on active duty. We believe that the prohibitions of the first paragraph of § 281 apply in full force only to active duty retired officers, but that under its second paragraph inactive retired officers are also prohibited from engaging in certain activities.

In 1939, the Court of Appeals for the District of Columbia held that all retired military officers, whether or not on active duty, are "officers" of the United States and subject to all conflicts laws from which they have not been exempted. *See Morgenthau* v. *Barrett,* 108 F.2d 481

361

(D.C. Cir. 1939), *cert. denied,* 309 U.S. 672 (1940). The following year, in response to the holding in the *Barrett* case, Congress added the second paragraph to § 281 to effect this exemption for retired officers not on active duty. The first sentence of the paragraph exempted inactive retired officers from the full force of the first paragraph. However, the second sentence of the paragraph limited the scope of this exemption, so that a retired officer not on active duty was left subject to a narrowly defined prohibition: he was forbidden to "represent any person in the sale of anything to the Government through the department in whose service he holds a retired status." [1]

This reading of the text of § 281's second paragraph is supported by the legislative history of the 1940 amendments. *See* H.R. Rep. No. 2330, 76th Cong., 3d Sess. 1 (1940) (hereafter 1940 House Report) (second sentence "intended to continue the prohibition against the sale of anything to a department by an officer formerly actively connected with that department."). *See also* H.R. Rep. No. 748, 87th Cong., 1st Sess. 10–11 (1961). And, every court which has dealt with the statute has concurred in this interpretation of its reach. *United States* v. *Gillilan,* 288 F.2d 796 (2d Cir. 1961), *cert. denied sub nom. Apex Distributing Co.* v. *United States,* 368 U.S. 821 (1961); *Taussig* v. *McNamara,* 219 F. Supp. 757 (D.D.C. 1963), *cert. denied,* 379 U.S. 834 (1964). *See also Field* v. *Brown,* 610 F.2d 981 (D.C. Cir. 1979), *cert. denied,* 446 U.S. 939 (1980).

The status of active duty retired personnel was unaffected by the 1940 amendment, and they remained subject to all of the prohibitions of the first paragraph of § 281.

As previously noted, § 281 was repealed in 1962 "except as [it] may apply to retired officers of the armed forces of the United States." 76 Stat. at 1126. By its terms, this partial repeal left an active duty retired officer subject to all of the prohibitions of the first paragraph of § 281, and an inactive retired officer subject to the second paragraph's bar against selling back to the department in which he had served. At the same time, Congress expressly exempted inactive retired officers from the provision which replaced § 281. *See* 18 U.S.C. § 206. The legislative history of the 1962 revision makes clear that Congress believed the status of inactive officers was not affected by the new law. *See* H.R. Rep. No. 748, 87th Cong., 1st Sess. 10–11 (1961). [2] Accordingly, retired

---

[1] Section 283 is similarly structured, and a similar analysis can be applied to determine who is covered by it and what activities it prohibits.

[2] The cited portion of the House report states:

> The problems involved in the peculiar status of retired officers of the Armed Forces while not on active duty are of a complexity that requires further specialized study for solution. The committee therefore determined to omit this class of persons from the bill. Accordingly, the bill provides (sec. 206) that sections 203 and 205 shall not apply to a retired officer of the armed forces of the United States while not on active duty. What is more, the bill does not repeal present section 281 or 283 insofar as they may apply to such retired officers. In consequence, the present legal status of this group is wholly unaffected by the bill

officers not on active duty remain subject to the limited prohibition contained in the second paragraph of § 281. Active duty retired officers are now somewhat anomalously subject to the virtually identical prohibitions of both the old and new versions of the law.

Your third question is whether § 281 prohibits the sale of services as well as the sale of goods and, if it does, whether it would preclude a retired officer's contracting with the Army for his own services. Taking the latter part of your question first, this Department has consistently taken the position that § 281 does not extend to a situation in which a retired officer "represents" only himself and no one else as a seller, whether the sale involves goods or services. This conclusion is implicit in the substantive prohibition of § 281, which bars the receipt of compensation for services rendered. *See also United States* v. *Gillilan,* 288 F.2d at 797, a criminal prosecution involving § 281, where Judge Learned Hand noted that a violation of the statute would occur if the retired officer "is representing someone else" in the sale of anything to his own former department.

We recognize that this distinction between representing only oneself and representing others as well is not always easy to maintain. This is highlighted by your hypothetical questions about services provided by a corporation in which the retired officer is a shareholder. The answer in each case depends on the facts; that is, whether the officer can fairly be said to be representing only himself, or is representing someone else besides or in addition to himself. As a rule of thumb, we would counsel retired officers to avoid representing corporations in any such selling situations.

A more difficult problem is presented by the question whether the second paragraph of § 281 is intended to reach the sale of services at all. Several years ago, responding to a request from the Acting General Counsel of the Department of Defense, this Office left open the question, citing "a sharp division of opinion" within the Department of Justice on the matter. *See* letter from Robert G. Dixon, Jr., Assistant Attorney General, Office of Legal Counsel, to L. Niederlehner, January 21, 1974. That division of opinion no longer exists. While the question is not entirely free from doubt, we believe that the second sentence of the second paragraph of § 281 should be interpreted to prohibit a retired officer's representing some other party in connection with a contract for the sale of services as well as one for the sale of goods.

The language of the second paragraph of § 281 has been said to be ambiguous with respect to whether representational activity in connection with service contracts was intended to be prohibited. On the one hand, the phrase "sale of anything" can reasonably be interpreted literally to include the sale of services as well as the sale of goods. On the other hand, at common law a "sale" does not include a sale of

services. *See, e.g., Five Per Cent Cases,* 110 U.S. 471, 478 (1884). When read in the context of § 281 as a whole, we think the literal interpretation, with the emphasis on "anything," more persuasive. The substantive prohibition of the first paragraph of § 281 bars any services rendered in connection with *any* matter in which the United States "is a party or directly or indirectly interested," including contracts for the sale of services. The prohibition of the second paragraph is more narrowly drawn to apply only to sales activities, and then only those made through the officer's own former department. The policy served by this more narrow prohibition is to prevent retired officers from being in a position to exert their influence in the procurement process of the military department in which they once served. We can think of no sensible reason why it should be applied selectively depending upon the nature of the contract involved. The narrower interpretation would apply to a contract for the purchase of equipment, but not to a contract for maintenance service on that equipment—an anomalous result.

This literal reading of the text of the statute finds support in its legislative history. The 1940 legislative action which added the second paragraph to § 281 was prompted by the broad reading given the predecessor of § 281 by the Court of Appeals for the District of Columbia in *Barrett, supra,* 108 F.2d 481. In that case a retired Army officer practicing law in New York sued unsuccessfully to gain admission to practice before the Department of the Treasury. In denying his petition on grounds that the activity would constitute a crime, the court of appeals expressed its opinion that the policy behind the law, and common sense, would dictate an opposite result:

> Much, we think, may be said in reason and common sense in favor of petitioner's application. To us it seems a far cry to attribute to a former captain in the military service, twenty years removed from that service, whose activities are wholly separated from military life, ability to exert a sinister influence in some matter pending in one of the departments of government. But this, for whatever it may be worth, must be addressed to the legislature and not to the courts.

108 F.2d at 484. The following year the House Committee on Military Affairs reported out legislation intended to meet the concerns expressed by the court of appeals. *See* 1940 House Report at 3. At the same time, the Committee recognized that it would be unwise to lift the bar of § 281 entirely, and so added an amendment in the form of a proviso to its broad exemption for retired military officers not on active duty. Under this proviso, the substantive prohibition of § 281 would continue to apply to a retired military officer only in connection with "the sale of anything" to his own former department.

The proviso was explained in the House report in the following terms:

> The amendment adopted by the committee is intended to continue the prohibition against the sale of anything to a department by an officer formerly actively connected with that department. It applies only to representation in the actual sale of goods, and does not apply to employment and the other activities of any corporation or other person such as manufacturing.

1940 House Report at 1. We recognize that the reference in the second sentence quoted above to "the actual sale of goods" could be and has been construed as expressive of an intention to apply the substantive prohibition of § 281 only to a particular class of selling activity. *See, e.g.,* Navy Judge Advocate General's Reference Guide to Employment Activities of Retired Naval Personnel, June 1969, at 28. However, the statement of what the amendment does *not* apply to ("employment and the other activities of any corporation . . . such as manufacturing") indicates that the House Committee intended to distinguish selling activities generally (which it intended to prohibit) from other kinds of activities barred by the first paragraph (which it did not). In other words, we believe that a construction of the word "only" in this sentence to refer to "representation" and not to "the actual sale of goods" is more consistent with the history and purpose of the statute. This reading better effectuates the purpose of the proviso to prevent retired military officers from exerting their influence in the procurement process of the military department in which they once served.

An interpretation of § 281 to cover service contracts is supported by a comparison with its nearest civil analogue, § 801(c) of Title 37. The latter statute denies retired pay to a retired regular officer who is engaged in selling "supplies or war materials" to any agency of the Department of Defense, the Coast Guard, the Environmental Science Services Administration, or the Public Health Service. A predecessor of this civil statute was in existence in 1940 when § 281 was amended to prohibit representation "in the sale of anything." [3] Had Congress intended to confine the meaning of "anything" in § 281 to tangible goods, we think it would have so stated.

We are not troubled by the lack of parallelism in the two statutes in this respect, since their respective scopes differ in several other ways. For example, unlike § 281, § 801(c) prohibits self-representation. Section 801(c) also reaches selling activities involving agencies other than the military department in which the retired officer formerly served.

---

[3] *See* § 9 of the Act of July 22, 1935, 49 Stat. 490 (prohibiting payment of retired pay to any retired officer of the Navy or Marine Corps who for himself or others engages in selling "naval supplies or war material" to the Navy).

In light of this Department's now uniform position on the question of the continued vitality of § 281, there would appear to be no need to respond to your final question respecting the authority of the military departments, independent of § 281, to promulgate regulations prohibiting retired officers from selling to their former departments.

The Department's Criminal Division has reviewed and concurs in the statements and conclusions contained in this letter.

THEODORE B. OLSON
*Assistant Attorney General*
*Office of Legal Counsel*